UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK LYNN WADE,<br><br>            Petitioner,<br><br>    v.<br><br>W.J. SULLIVAN, Warden,<br><br>            Respondent. | No. CV 19-6049-JAK (FFM)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On July 7, 2019, petitioner Roderick Lynn Wade ("Petitioner"), a California prisoner, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The Petition appears to challenge Petitioner's 2016 convictions and sentences entered in the Superior Court of Los Angeles County.

///

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). The Petition does not contain a certificate of service. However, the Petition is dated July 7, 2019. Therefore, the Court will assume that Petitioner submitted the Petition to prison authorities on July 7, 2019. (Docket No. 1, p. 8.) The Petition is therefore deemed filed on that date.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), ub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If a petitioner's conviction is affirmed by an intermediate appellate court and he does not appeal that decision to the state's highest court, his conviction becomes final for the purposes of section 2244(d)(1)(A) when the period for seeking review from the state's highest court expires. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). In California, a petitioner's period for seeking review from the California Supreme Court expires forty days after the Court of Appeal decision is filed. *See* Cal. R. Ct. 8.264(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").

The California Court of Appeal decision affirming Petitioner's conviction was filed on April 3, 2017.[2] Petitioner never filed a petition for direct review of

---

[2] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of

(continued...)

his conviction in the California Supreme Court. (Petition, No. 4.) Thus, for the purposes of section 2244(d)(1)(A), petitioner's conviction became final on May 13, 2017, forty days after petitioner's conviction was affirmed by the California Court of Appeal. *See Wixom*, 264 F.3d at 897; Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). Accordingly, the one-year limitations period was set to expire on May 13, 2018. *See Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until July 7, 2019, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

**2. STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, a petitioner is not entitled to statutory tolling where he initiates state habeas proceedings after the expiration of the federal one-year limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (citations omitted)).

As noted above, the one-year limitations period within which Petitioner could challenge his conviction in federal court expired on May 13, 2018. Petitioner alleges that he filed a petition for writ of habeas corpus with the Superior Court of Los Angeles County on June 15, 2018. (Petition, No. 6(a)(3).) California Court of Appeal records indicate that the earliest Petitioner filed any habeas petition in the Court of Appeal or California Supreme Court was

---

(...continued)
state court dockets found on the internet).

November 1, 2018.  However, even using the June 15, 2018, filing date, Petitioner does not appear entitled to any statutory tolling because "section 2244(d) does not permit the reinitiation of the limitations period."

3. **EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The petitioner bears the burden of showing that equitable tolling is appropriate.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner has demonstrated neither that any extraordinary circumstances prevented him from filing a timely petition nor that he diligently pursued his right to file.  Accordingly, Petitioner has not shown that he is entitled to equitable tolling.

4. **ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the Petition does not demonstrate any basis for statutory or equitable tolling, or for setting aside the one-year limitation, the Court orders Petitioner to show cause in writing within thirty (30) days of the date of this order why the Petition should not be dismissed as time-barred.  If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: July 23, 2019

/S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

4